*224
 
 POPOVICH, Judge:
 

 This case of first impression involves the interpretation of Pa.R.Crim.P. 133. Herein, we are presented with the Commonwealth’s appeal from an Order of the Court of Common Pleas of Northampton County which permitted the filing of a private criminal complaint without the approval of the Attorney for the Commonwealth.
 
 [1]
 

 The Commonwealth argues that approval of the private criminal complaint by the District Attorney was required in the present case and that the trial court was in error in concluding that the charges constituted a “clear and present danger” within the meaning of Rule 133, thus obviating the need for the approval of the district attorney before issuance of process.
 
 [2]
 

 Upon review, we find that the instant case does not present circumstances which constitute a “clear and present danger” within the meaning of Rule 133. Consequently, we reverse and remand for the trial court to determine whether to approve the private criminal complaint, pursuant to Pa. R.Crim.P. 133(b)(2). The facts of this case were summarized by the trial court in the opinion and order of July 23, 1990, as follows:
 

 
 *225
 
 On December 9, 1989, an altercation occurred in Bush-kill Township between petitioner, various members of his family, and the three men named in the complaints. Petitioner contends that the three individuals appeared at his residence and remained on the premises after actual communication against their presence was made by him, thus, the three individuals committed defiant trespass as defined in 18 Pa.C.S.A. § 3503(b)(l)(i). Additionally, petitioner alleges that the three men kicked and punched him attempting to cause serious bodily injury and thus, they committed simple assault under 18 Pa.C.S.A. § 2701(a)(1) and aggravated assault under 18 Pa.C.S.A. § 2702(a)(1). Finally, petitioner claims that the men’s actions constituted harassment under 18 Pa.C.S.A. § 2709(1).
 

 Chief Kostenbader was called to the scene of the incident for other reasons. After arriving at petitioner’s residence, Kostenbader testified that he separated everyone involved and had everyone go to the police station so that he could get their statements. Kostenbader did not press charges against anyone involved. Subsequently, petitioner and his mother submitted private criminal complaints under Pa.R.Crim.P. 133____ The assistant district attorney declined to prosecute believing that the cases lacked prosecutorial merit. The petitioner now seeks independent review of that decision from this court.
 

 (Trial Court Opinion, pp. 1-3).
 

 On July 23, 1990, the trial court permitted the complaints to be filed without approval of the attorney for the Commonwealth, concluding that the complaints constituted charges that involved a “clear and present danger to any person or to the community” under Rule 133(a). This appeal followed.
 

 First, we must determine whether the trial court erred in concluding that a “clear and present danger to any person or to the community” existed within the meaning of Pa.R.Crim.P. 133(a) under the facts of this case. Pa. R.Crim.P. 133 states in pertinent part:
 

 
 *226
 
 (a) When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.
 

 (b) If the attorney for the Commonwealth
 

 (1) Approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;
 

 (2) Disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a Court of Common Pleas for approval or disapproval; ...
 

 Instantly, the assistant district attorney declined to prosecute this action stating that the case “lacked prosecutorial merit.” The affiant was then entitled to an independent review of that decision by the Court of Common Pleas as provided in Rule 133(b)(2). As stated in the trial court’s opinion, the District Attorney’s decision not to prosecute was based upon:
 

 ... his belief that petitioner was not really hurt, since he left the hospital before being treated; Kostenbader’s contention that the incident was a “mutual free for all” and no one was assaulting anyone; statements of various witnesses were in conflict; the three alleged assailants cooperated by providing full written statements; and the fact that the police decided not to prosecute.
 

 (Trial Court Opinion, p. 3).
 

 The trial court determined both that the testimony of the affiant and witnesses established a prima facie case of aggravated assault and that this was “a charge involving a clear and present danger to a person.” The court found support for its decision in Justice Larsen’s concurring opinion in
 
 Commonwealth v. Benz,
 
 523 Pa. 203, 565 A.2d 764.
 

 
 *227
 

 Benz
 
 involved the accidental shooting of an individual by an off-duty police officer during a scuffle. A coroner’s jury recommended that Officer Benz be charged with voluntary manslaughter. The District Attorney did not file charges because the evidence supported the claim that the shooting was accidental. Judicial review was sought and the court denied approval of the complaint concluding that the district attorney did not abuse his discretion by not prosecuting. The Supreme Court reversed finding that there was sufficient evidence to establish a prima facie case.
 
 [3]
 

 Justice Larsen, in his concurring opinion, stated that:
 

 [T]he approval of a private criminal complaint by a district attorney or a judge of the court of common pleas is only necessary where the offense charged does not involve a clear and present danger to any person or to the community. In all other cases, i.e., those involving charges that present a clear and present danger to any person or to the community, the district attorney does not act as a buffer between the private complainant and the issuing authority. Thus, upon the filing of a private criminal complaint involving acts which constitute a clear and present danger to any person or to the community, the issuing authority must conduct a preliminary hearing. As this case involves a charge of homicide, the approval of the district attorney pursuant to Rule 133 was not necessary.
 

 Benz,
 
 523 Pa. at 211-212, 565 A.2d at 769.
 

 This seems to have implied that the crime of homicide necessarily involves a “clear and present danger.” However, the concurring opinion does not provide a working definition of the phrase. It would be impractical to con-
 
 *228
 
 elude from the above paragraph that any crime involving violence constitutes a “clear and present danger” and is therefore an exception to the rule requiring approval of the attorney for the Commonwealth. Such an interpretation would effectively usurp the prosecutorial discretion of the District Attorney in deciding when to prosecute an action.
 

 The District Attorney’s function is to represent the Commonwealth in criminal prosecutions. The District Attorney exercises this responsibility by first evaluating complaints to determine whether criminal charges should be brought against an individual.
 
 See Petition of Piscanio,
 
 235 Pa.Super. 490, 490, 344 A.2d 658, 660 (1975). The private prosecutor, even if he or she was the victim, “has no legitimate interest, other than as a member of the general public, in seeing a violator of the laws brought to justice by the Commonwealth and punished for his misdeeds. If a private prosecutor feels individually harmed his remedy is a civil suit for damages.”
 
 Id.,
 
 235 Pa.Superior Ct. at 496, 344 A.2d at 661-62. It would make little sense to grant to the attorney for the Commonwealth broad prosecutorial discretion in his role as advocate for the Commonwealth, only to allow private affiants the ability to file complaints without the approval of the District Attorney whenever an alleged victim makes out a complaint involving some type of violent act.
 

 Our task, then, is to determine under what circumstances a “clear and present danger to any person or to the community” exists and when approval of the attorney for the Commonwealth need not be sought. The phrase “clear and present danger” was coined by Justice Holmes in
 
 Schenck v. United States,
 
 249 U.S. 47, 52, 39 S.Ct. 247, 249, 63 L.Ed. 470, 473 (1919). It was used in the context of government restraint on the freedom of speech and required a determination of “whether the words used are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent. It is a question of proximity and degree.”
 
 Schenck,
 
 249 U.S. at 52, 39 S.Ct. at 249.
 

 
 *229
 
 Justice Holmes’s test required a weighing of the evil threatened against the Constitutional right which would be abridged. The risk of harm must, therefore, be substantial. In discussing the line of cases which have applied the “clear and present danger” test, the Supreme Court, in
 
 Bridges v. California,
 
 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192 (1941), stated that “[w]hat finally emerges from the ‘clear and present danger’ cases is a working principle that the substantive evil must be extremely serious and the degree of imminence extremely high before utterances can be punished.”
 
 Bridges,
 
 314 U.S. at 263, 62 S.Ct. at 194. The use of this phrase was clearly intended to convey a sense of urgency.
 

 The Commonwealth points out in its brief that similar language has been used in other Pennsylvania statutes which may guide us in defining “clear and present danger” in the context of Rule 133. The Statewide Municipal Police Jurisdiction Act, 42 Pa.C.S.A. § 8953(a)(5), permits an officer who is on official business to enforce the laws of the Commonwealth beyond his territorial limits where an act, among other things, “presents an immediate clear and present danger to persons or property.” A similar requirement is also set forth in the Protection from Abuse Act, 35 P.S. § 10181 et seq. Under this Act a court must conduct an ex-parte proceeding where a plaintiff petitions for a temporary order for protection from abuse and alleges “immediate and present danger” of abuse to the plaintiff or minor child. Both Acts authorize immediate action where the threat of harm is imminent and the normal process would not prevent the harm in a timely manner.
 

 Similar language can also be found in the Mental Health Procedures Act, 50 P.S. § 7101 et seq., which provides for the involuntary emergency examination of a person where “he poses a clear and present danger of harm to others or to himself.” 50 P.S. § 7301(a). Clear and present danger is defined in that statute as being shown
 

 “... by establishing that within the past 30 days the person has inflicted or attempted to inflict serious bodily
 
 *230
 
 harm on another and that there is a
 
 reasonable probability that such conduct will be
 
 repeated____ For the purpose of this section, a clear and present danger of harm to others may be demonstrated by proof that the person has made threats of harm and has committed acts in furtherance of the threat to commit harm.”
 

 50 P.S. § 7301(b) (emphasis added).
 

 The phrase again is used in provisions of the Public Employee Relations Act, 43 P.S. § 1101.101 et seq. This Act provides that a strike by employees may only be enjoined “if the court finds that the strike creates a clear and present danger or threat to the health, safety or welfare of the public.” 43 P.S. 1101.1003. Unless, however, a strike presents such a danger, it shall not be prohibited. Several cases have sought to define the phrase “clear and present danger”
 
 (See Jersey Shore Area School Dist. v. Jersey Shore Education Ass’n,
 
 519 Pa. 398, 548 A.2d 1202 (1988)). Perhaps, the most helpful definition appears in
 
 Armstrong School Dist. v. Armstrong Education Ass’n,
 
 5 Pa.Cmwlth. Ct. 378, 291 A.2d 120 (1972), where the Court stated that:
 

 The ‘clear’ in that epigram is not limited to a threat indubitably etched in every microscopic detail. It includes that which is not speculative but real, not imagined but actual. The ‘present’ in the epigram is not restricted to the climatically imminent. It includes that which exists as contrasted with that which does not yet exist and that which has ceased to exist.
 
 [Communist Party of the United States v. Subversive Activities Control Board,
 
 223 F.2d 531, 544 (1954),
 
 reversed on other grounds,
 
 351 U.S. 115, 76 S.Ct. 663, 100 L.Ed. 1003 (1956).]
 

 In this light the determination of whether or not a strike presents a clear and present danger to the health, safety or welfare of the public must, therefore, require the court to find that the danger or threat is real or actual and that a strong likelihood exists that it will occur. Additionally, it seems to us that the ‘danger’ or
 
 *231
 
 ‘threat’ concerned must not be one which is normally incident to a strike by public employees.
 

 Armstrong School District,
 
 5 Pa.Cmwlth. 378, ——, 291 A.2d 120, 123-4.
 
 See also, Teachers Local 4531 v. Temple University,
 
 135 Pa.Cmwlth. 426, 582 A.2d 63 (1990) (Affirmed Chancellor’s conclusion that the deprivation of a complete semester of work for those students affected by the strike constituted a clear and present danger or threat to health, welfare and safety of the public.)
 

 Finally, Blacks Law Dictionary defines the phrase “clear and present danger” as:
 

 Immediately serious violence is expected or advocated or past conduct furnishes reason to believe such advocacy is contemplated.
 

 Blacks Law Dictionary
 
 317 (4th Ed. 1968) (citation omitted).
 
 [4]
 

 What seems to emerge from the manner in which the phrase is used in the above discussed statutes and interpreted by the various courts is that such language is intended to provide a remedy or result which is an exception to the normal process.
 
 [5]
 
 Such circumvention of the normal process is necessary because of some threat or danger that is imminent and requires an immediate remedy before the threatened harm can come to fruition. The facts as presented in the instant case show that an altercation
 
 *232
 
 occurred. However, there is no allegation that, after the fight, the petitioner was threatened with or fearful of further attack. There is no indication in the complaint that the affiant was in any imminent danger which would have required immediáte intervention. The acts described in the private criminal complaint are that the affiant was kicked and punched all over his body and face. The description of the events of that evening does not include any allegations of threats of a continuing nature or indication that any of the parties involved in the altercation were fearful of another attack. The charges as stated in the private criminal complaint cannot be interpreted to constitute a “clear and present danger” to the affiant.
 

 The issuing authority is authorized to issue a summons or warrant of arrest where prior submission to an attorney for the Commonwealth is not required. Pa. R.Crim.P. 134(a)(3) and (b)(1) & (2).
 
 [6]
 
 As discussed above, Rule 133(a) requires submission of a private criminal complaint to an attorney for the Commonwealth for approval only where the charges do not involve a “clear and present danger to any person or to the community”. It is therefore the responsibility of the District Justice to determine whether the complaint as submitted constitutes such a danger. He must decide whether the immediacy, imminence and magnitude of the alleged danger presents a “clear and present danger”. If not, he is without authority to issue process.
 
 See,
 
 Pa.R.Crim.P. 134(a)(3).
 

 In sum, we conclude that the language, “clear and present danger” as it is used in Pa.R.Crim.P. 133 is not meant to circumvent the District Attorney’s approval of a
 
 *233
 
 complaint anytime a violent act is alleged. The language, in our view, is intended to provide a remedy under circumstances which present a threatened, imminent or continuing harm which is of such an urgent nature that it is inappropriate or impractical to await approval of the complaint by the District Attorney, thus warranting immediate filing of the complaint with the District Magistrate. This is not the case here.
 

 Under the circumstances as presented, it was appropriate to seek approval of the attorney for the Commonwealth. If the appellee believes that the District Attorney was in error in disapproving his complaint, his remedy as stated in Rule 133 is to submit the disapproved complaint to a Judge of a court of Common Pleas. The judge’s independent review of the complaint serves as a check and balance of the district attorney’s decision and protects against the possibility of error.
 
 Piscanio Appeal,
 
 235 Pa.Super. 490, 492-496, 344 A.2d 658, 660-2 (1975).
 

 The trial court, in its independent review of the complaint, should not interfere with the exercise of prosecutorial discretion unless it is determined that there has been a “gross abuse of discretion”.
 
 In Re Wood,
 
 333 Pa.Super. 597, 601, 482 A.2d 1033, 1036 (1984);
 
 Commonwealth v. Eisemann,
 
 276 Pa.Super. 543, 546, 419 A.2d 591, 593 (1980). Although the trial court determined that a prima facie case did exist, there has been no determination as to whether the Commonwealth should be obliged to prosecute in this instance. Accordingly, we reverse and remand for approval or disapproval of the private complaint by the trial court.
 

 Order reversed and remanded in accordance with this Opinion. Jurisdiction relinquished.
 

 [1]
 

 . The private criminal complaint was submitted to the District Attorney, and it was disapproved by him.
 

 [2]
 

 . Additionally, the Commonwealth asserts that because the private affiant initially requested the approval of the District Attorney and did not request immediate issuance of the complaint, he has waived the issue of the existence of a "clear and present danger.”
 

 The "clear and present danger” issue was raised with the trial court, and therefore, no waiver has occurred. The Commonwealth cited
 
 Commonwealth v. Benz
 
 in support of its position. In
 
 Commonwealth v. Benz,
 
 523 Pa. 203, 565 A.2d 764 (1989), an issue similar to that raised herein had been waived. However, in that case, the issue was raised for the first time on appeal.
 
 Benz,
 
 523 Pa. at 211-212, 565 A.2d at 769 (Larsen, J., concurring). Cf., Pa.R.Crim.P. 86(f) & (g) ("When a defendant appeals after conviction by an issuing authority in any summary proceeding, ... the case shall be heard de novo by the appropriate division of the court of common pleas____");
 
 Commonwealth v. Patterson,
 
 25 Pa.D. & C.3d 202, 204 (1983) (The issue of a defect in the proceeding not raised before the district justice was not
 
 *225
 
 waived on appeal of a summary conviction in the Court of Common Pleas.)
 

 [3]
 

 . The reason given by the district attorney in
 
 Benz
 
 for his decision not to prosecute was the lack of evidence sufficient to establish a
 
 prima facie
 
 case. The court was required to determine whether there was in fact sufficient evidence to establish a
 
 prima facie
 
 case. In doing so, the court noted that because the district attorney’s decision was that no crime had been committed, such a decision is not entitled to the same deference as a decision not to prosecute for policy reasons despite the existence of a
 
 prima facie
 
 case.
 
 Benz,
 
 523 Pa. 203, 208-209, fn. 4, 565 A.2d 764, 767 fn. 4 (1989).
 

 [4]
 

 . Cf.
 
 Blacks Law Dictionary
 
 227 (5th Ed. 1979)
 

 [5]
 

 . The appellee urges that interpreting the language in question as it is used in a statute is markedly different from interpreting the same language as it is used in a court rule. It is argued that the acts are designed to regulate conduct by individuals weighed against the interest of society, whereas the Pennsylvania Rules of Criminal procedure are "intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and as nearly as may be in consonance with the rules of statutory construction.” Pa.R.Crim.P. 2.
 

 We do not find our analysis or interpretation of the phrase to be inconsistent with or in contravention of Rule 2. The appellee urges an interpretation of “clear and present danger” which would produce an absurd result and would be burdensome to the fair administration of justice.
 

 [6]
 

 . Pa.R.Crim.P. 134 states in pertinent part:
 

 (a) In any proceeding initiated by complaint, the issuing authority shall ascertain and certify on the complaint that:
 

 (3) When prior submission to an attorney for the Commonwealth is required, that an attorney has approved the complaint.
 

 (b) Upon ascertaining the above matters, the issuing authority shall:
 

 (1) Accept the complaint for filing; and
 

 (2) Issue a summons or warrant of arrest as the case may be.