## American Resource Consultants Inc. v. Stine Farms and Recycling Inc.

*Alan M. Rubenstein, district attorney,* for the Commonwealth.

*Mindy J. Snyder,* for petitioner.

GARB, *P.J.,* January 3, 1992—Plaintiff has appealed from our order of November 20, 1991. By that order, we essentially affirmed the decision of the district attorney to disapprove the issuance of a private criminal complaint.

The facts on this record are established totally by the petition filed by the appellant to this court. Our order was based upon those facts thereby accepting, in totality, the assertions of the appellant. That petition establishes that beginning on August 14, 1989, the named defendant was retained by the plaintiff to perform certain consulting services. From that date and up to October 21, 1990, the defendant accumulated a balance of $43,657.04, the total invoiced project being $72,293.31. On or about December 6, 1990, a payment plan was arranged to pay off the balance, as a result of which, defendant mailed to the appellant two checks. One check was in the amount of $10,000 and the other in the amount of $13,657.04. Both checks were returned for insufficient funds, the defendant having failed

to make good on those checks within ten days after receipt of notice of the refusal of payment. As a result thereof, appellant sought a private criminal complaint against defendant for the issuance of two bad checks allegedly in violation of 18 Pa.C.S. §4105. On January 24, 1991, the district attorney of Bucks County withheld approval of the private criminal complaint on the basis that a civil remedy was available to the appellant.

Pennsylvania Rule of Criminal Procedure 133(a) provides that when a private criminal complaint is sought charging a felony or a misdemeanor which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to an attorney for the Commonwealth who shall approve or disapprove without unreasonable delay. Subsection (b) provides that if the attorney for the Commonwealth disapproves the complaint, he shall state his reasons therefor. Thereafter, the private complainant may file the complaint with a judge of the Court of Common Pleas for approval or disapproval. Where such matter is submitted to the Court of Common Pleas, the court should not interfere with the exercise of prosecutorial discretion under Rule 133 unless there has been a gross abuse of discretion. *Commonwealth v. Eisemann,* 276 Pa. Super. 543, 419 A.2d 591 (1980) and *Commonwealth v. Pritchard,* 408 Pa. Super. 221, 596 A.2d 827 (1991). We perceive no gross abuse of discretion in the decision of the district attorney in this case.

It is abundantly clear that appellant is seeking to recover a civil debt through the use of the criminal courts. We perceive this to be an inappropriate use of the criminal justice system for which the disapproval by the district attorney is completely justified. Just as an aside, it is of some interest that the appellant has captioned this case as in the nature of a civil suit

between itself and the party it seeks to prosecute. There is a forum available to the appellant to recover the funds owed it. That forum is the civil side of the court.