686 A.2d 1318

COMMONWEALTH of Pennsylvania

v.

Ron CAMPBELL.

Appeal of Leon A. WILLIAMS, Esquire, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 17, 1996.

Filed Dec. 13, 1996.

---

Leon A. Williams, Philadelphia, appellant, pro se.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for the Commonwealth, appellee.

Before DEL SOLE, BECK and POPOVICH, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order dismissing Appellant's petition to file a private criminal complaint. We affirm.

Appellant filed a Criminal Complaint with the Philadelphia District Attorney's office and before it was acted upon, Appellant filed a Petition for Private Criminal Complaint with the Municipal Court of Philadelphia. This petition disapproved by the Municipal Court was appealed to the Philadelphia County Court of Common Pleas, where a hearing was held. While the matter was under advisement, Appellant filed an Amended Petition for Private Criminal Complaint. Therein he requested that a warrant of arrest or a summons be issued against FBI agent Ron Campbell.

It was alleged in the amended petition that agent Campbell was part of a federal Fugitive Task Force who sought to arrest Glen Thomas. When Thomas was spotted he ran, but stopped and was then shot in the back of the head by agent Campbell. Appellant states in his petition that police and agent Campbell claim that Thomas turned and pulled a gun, but this is contradicted by the fact that Thomas was shot in the back of the head. The petition states that a semiautomatic handgun was found near the scene but that Thomas' fingerprints were not on the weapon and witnesses stated that Thomas did not have a gun when he was shot. Appellant, as the affiant, claimed to be a private citizen and taxpayer in the city of Philadelphia and stated in his petition that approximately three months had passed since he filed a private criminal complaint against agent Campbell with the District

Attorney and there has been no response. Appellant also states in the petition that agent Campbell is "still working with the Fugitive Task Force, still making arrests on the streets of Philadelphia, still carrying a gun and willing to use it- all under the color of law." Amended Petition at 2.

In ruling that the Petition for Private Criminal Complaint was properly dismissed, the trial court found that Appellant lacked standing. It further held that even if he did have standing, Appellant's petition did not, on its face, involve a "clear and present danger" obviating the need for the District Attorney's approval and that a reasonable period of time had not elapsed since Appellant sought to have the District Attorney approve a private criminal complaint. The court noted that this was a complex matter, the investigation of which could take many months and the three months which had passed before Appellant sought intervention of the court was not unreasonable.

On appeal Appellant argues that as a private citizen he did have standing. He further claims that the court should have held a hearing on the issue of whether there was a clear and present danger, and that because the matter did involve a clear and present danger, the court wrongly considered whether the District Attorney had reasonable time to investigate. Upon review of these matters we find it unnecessary to consider the standing issue where the petition was properly dismissed since the claims made therein cannot be interpreted to constitute a clear and present danger. We also conclude that no error was committed by the court when it reviewed whether the District Attorney was taking an unreasonable length of time to consider the complaint Appellant filed with that office. Since Appellant alleged that 15 weeks passed since the acts were committed and that he had filed a petition with the District Attorney and had not yet received a response, it was appropriate for the court to consider this question.

The relevant language of the rules which governed the approval of private complaints at the relevant time provided:

(a) When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(b) If the attorney for the Commonwealth:

. . .

(3) does not approve or disapprove within a reasonable period of time, the affiant may file the complaint on a separate form with the issuing authority, noting thereon that a complaint is pending before an attorney for the Commonwealth. The issuing authority shall determine whether a reasonable period has elapsed, and, when appropriate, shall defer action to allow the attorney for the Commonwealth an additional period of time to respond.

Pa.R.Crim.P. 106, 42 Pa.C.S.A.[1]

Appellant is correct in noting that where the offense charged involved a clear and present danger, the matter would bypass submission to the District Attorney and would be directly considered by the court. The trial court recognized this as well, but concluded that no clear and present danger was involved in this case. In so ruling, the court looked to the discussion regarding this phrase, and its working definition, provided by this court in *Commonwealth v. Pritchard*, 408 Pa.Super. 221, 596 A.2d 827 (1991). Therein the court stated:

In sum, we conclude that the language, 'clear and present danger' as it is used in Pa.R.Crim.P. 133 [now 106] is not meant to circumvent the District Attorney's approval of a complaint anytime a violent act is alleged. The language, in our view, is intended to provide a remedy under circumstances which present a threatened, imminent or continuing harm which is of such an urgent nature that it is inappropri-

---

1. Pennsylvania Rule of Criminal Procedure 106 has been amended effective July 1, 1996. It no longer refers to crimes which involve a "clear and present danger," and it eliminates the language found in (b)(3).

ate or impractical to await approval of the complaint by the District Attorney....

*Id.* at 232–233, 596 A.2d at 833.

█ The court in *Pritchard* concluded that since the facts did not include any allegation of threats of a continuing nature or that any immediate intervention was necessary because of any imminent danger, the charges of defiant trespass, assault and harassment could not be interpreted to constitute a clear and present danger. The court in this case properly applied the ruling in *Pritchard* to the facts and concluded that no clear and present danger is alleged here. It stated "[i]ndeed, appellant makes no allegation that Agent Campbell has made any subsequent threats of violence or that the underlying incident is continuing in nature. Clearly it is not. [T]he contrary, Agent Campbell's actions constituted an isolated event occurring during the course of his duties as an FBI agent on a specific date, time and place. There is absolutely no basis for this Court to surmise that a continuing and imminent threat of harm or danger exists demanding circumvention of the normal legal process." Trial Court Opinion at 12. With this conclusion we agree.

█ Further, it was unnecessary for the court to hold a further hearing on this matter once the petition was amended to include the language of "clear and present danger." The mere use of these words did not mandate a conclusion that a clear and present danger was involved. The court in this case properly looked to the facts set forth by Appellant in the petition.

We wish to add on this point that the court correctly determined that the passage cited by Appellant, which appears in the concurring opinion by Justice Larsen in *Commonwealth v. Benz*, 523 Pa. 203, 565 A.2d 764 (1989), is not controlling in this matter. Cited is the following: "Thus, upon the filing of a private criminal complaint involving acts which constitute a clear and present danger to any person or to the community, the issuing authority must conduct a preliminary hearing. As this case involves a charge of homicide the

12

approval of the district attorney pursuant to Rule 133 was not necessary." *Id.* at 211–212, 565 A.2d at 769. The trial court correctly noted that this statement was made in a concurring opinion, and that the issue presented before the court in *Benz* did not concern a situation in which a matter was presented directly for court review alleging "clear and present danger." Rather, the court was asked to consider whether the Superior Court court had jurisdiction to hear an appeal from a trial court decision to disapprove a private criminal complaint after the district attorney made a legal determination of insufficiency of evidence. Justice Larsen's comments set forth in this posture were not controlling and we deem it appropriate for the trial court to follow this court's discussion of the term "clear and present danger," and its ultimate ruling found in *Commonwealth v. Pritchard, supra.*

■ Finally, as stated earlier, we find no error in the court's examination of the question of whether the District Attorney had engaged in unnecessary delay in this matter. Appellant's petition set forth facts regarding the District Attorney's failure to respond. The trial court merely engaged in a thorough review when interpreting these statements as a request for review of the District Attorney's actions under Pa.R.Crim.P. 106(b)(3). And, although not specifically challenged in the Brief on appeal, we also find no error in the court's ultimate conclusion that the delay was not unreasonable in this case.

For the above reasons, we affirm the court's decision dismissing Appellant's Petition for Private Criminal Complaint.