IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Lichtman,                          :
                    Appellant          :
                                       :   No.  352 C.D. 2018
            v.                         :
                                       :   Submitted:  October 26, 2018
Larry Krasner                          :


***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                                          FILED:  April 18, 2019


            Joan Lichtman (Lichtman) appeals from the February 9, 2018 order of the
Court of Common Pleas of Philadelphia County (trial court) which dismissed
Lichtman's complaint without prejudice pursuant to Rule 240(j)(1) of the Pennsylvania
Rules of Civil Procedure (Pa.R.C.P.).[1]

            The present case represents the third appeal that Lichtman has filed with
this Court.  In two, prior unreported opinions, *Lichtman v. Williams* (Pa. Cmwlth., No.
1435 C.D. 2017, filed May 8, 2018) (*Lichtman I*) and *Lichtman v. Hodge* (Pa. Cmwlth.,
No. 1563 C.D. 2017, filed September 13, 2018) (*Lichtman II*), this Court affirmed
separate trial court orders dismissing complaints filed by Lichtman without prejudice

---

[1] Pa.R.C.P. No. 240(j)(1) states as follows:

> If, simultaneous with the commencement of an action or proceeding or
> the taking of an appeal, a party has filed a petition for leave to proceed
> *in forma pauperis*, the court prior to acting upon the petition may
> dismiss the action, proceeding or appeal if the allegation of poverty is
> untrue or if it is satisfied that the action, proceeding or appeal is
> frivolous.

Pa.R.C.P. No. 240(j)(1).

pursuant to Pa.R.C.P. No. 240(j)(1). The underlying premise in those cases, as well as the present case, revolves around Lichtman's repeated allegations that certain members of the Pennsylvania Bar, both public officials and private attorneys, illegally seized her personal and real property, which was then sold at a sheriff's sale.

In *Lichtman I*, Lichtman filed an action in mandamus seeking to compel former District Attorney for the City of Philadelphia, R. Seth Williams, and former First Assistant District Attorney for the City of Philadelphia, Kathleen Martin, to bring criminal charges against these members of the Bar, as well as damages. In *Lichtman II*, Lichtman filed a second action in mandamus again naming Williams and Martin as defendants, but also adding former Interim District Attorney Kelley Hodge and former First Assistant District Attorney John Delaney as defendants. Nevertheless, Lichtman acknowledged that the thrust of her second complaint in *Lichtman II* remained the same as that of *Lichtman I*. In her present complaint, now filed against the current District Attorney for the City of Philadelphia, Larry Krasner, Lichtman similarly acknowledges,

> The essence of this Mandamus Complaint and its predecessor Complaints are essentially identical. All three Complaints are intended to address the failures and/or refusals of Philadelphia's District Attorneys to perform basic, mandatory, ministerial, non-discretionary obligations of their office.

(Lichtman's Complaint, ¶6.) Lichtman's complaint contains 271 paragraphs spread across 59 pages, attached to which are 2 memoranda of law.[2] Contemporaneous with the filing of her complaint, Lichtman petitioned to proceed *in forma pauperis* (IFP).

---

[2] We note that Rules 1019(a) and 1022 of the Pennsylvania Rules of Civil Procedure require that "[t]he material facts on which a cause of action . . . is based shall be stated in a concise and summary form" and "[e]ach paragraph [in a pleading] shall contain as far as practicable only one material allegation." Pa.R.C.P. Nos. 1019(a), 1022, respectively.

By order dated February 9, 2018, the trial court essentially dismissed Lichtman's complaint without prejudice for failure to state a claim upon which relief could be granted pursuant to Pa.R.C.P. No. 240(j)(1).[3] Lichtman filed a motion for reconsideration on February 20, 2018. However, while this motion was pending, Lichtman filed a notice of appeal to this Court.[4] Following her appeal, the trial court issued an opinion in support of its order pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.) explaining that Lichtman's complaint was frivolous because she did not set forth a clear legal right to the relief requested and did not establish a corresponding duty on the part of District Attorney Krasner to act on her behalf. The trial court noted that the complaint was duplicative of the complaint filed in *Lichtman II*, with the exception that the defendant is changed to District Attorney Krasner.

Additionally, the trial court stated that the District Attorney's Office had conducted a reasonable investigation into Lichtman's claims and ensured that her claims were remedied in the underlying legal action, presumably referring to the sheriff's sale. The trial court characterized Lichtman as being "merely dissatisfied with the outcome of her case." (Trial court op. at 3.) In that regard, the trial court noted that a prosecutor has broad discretion in deciding whether to prosecute an alleged criminal offender and that there is "no legal right to compel the Attorney General or a District Attorney to prosecute . . . individuals named in [a] private criminal complaint." *Konya v. District Attorney*, 669 A.2d 890, 893 (Pa. 1995).

---

[3] The trial court's order references Lichtman's action as being denied rather than dismissed.

[4] Nevertheless, the trial court appears to have entered an order dated March 23, 2018, denying Lichtman's motion for reconsideration.

On appeal,[5] as best we can discern, Lichtman argues that her complaint should not have been dismissed for numerous reasons, which mirror her arguments in *Lichtman I* and *Lichtman II*.[6] For example, Lichtman claims she alleged facts showing that she satisfied the three-prong test warranting the issuance of a writ of mandamus because she asserted a valid claim upon which relief could be granted (related to an improper judgment of possession premised on the willful perjury of an attorney); the District Attorney owes a duty to her;[7] and she has no other means to secure the return of her assets, including her home, monies, and property, except through the courts. Lichtman further asserts that the trial court incorrectly interpreted and applied Pa.R.C.P. No. 240(j)(1) and the law governing mandamus and failed to read the complaint and consider the evidence Lichtman submitted. Lichtman also appears to argue that the trial court could not dismiss her complaint under Pa.R.C.P. No. 240(j)(1) because she previously had been permitted in other lawsuits to proceed IFP. Further, Lichtman argues that the trial court should have applied relevant provisions of the Philadelphia Code[8] to this matter and reported the conduct alleged in the complaint to attorney disciplinary and prosecutorial authorities.[9]

---

[5] In reviewing a trial court's decision to dismiss a complaint pursuant to Pa.R.C.P. No. 240(j)(1), this Court is limited to determining whether the appellant's constitutional rights were violated, whether the trial court abused its discretion, and whether the trial court committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

[6] By order dated October 19, 2018, District Attorney Krasner was precluded from filing a brief in this matter.

[7] Lichtman also argues that the sheriff owes a duty to her but the sheriff was not a named defendant in the present action.

[8] Lichtman cites to Chapter 9-1600 of the Philadelphia Code, which prohibits unlawful eviction practices. Phila., Pa. Code §§9-1600 – 9-1608 (2016).

4

Pursuant to Pa.R.C.P. No. 240(j)(1),

> [I]f, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

"A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact,'" *id., Note* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)), or, stated differently, fails to "set forth a valid cause of action" on its face, *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997).

Rule 506 of the Pennsylvania Rules of Criminal Procedure (Pa.R.Crim.P.) sets forth the procedure for approval of a private criminal complaint, stating as follows:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.
>
> (B) If the attorney for the Commonwealth:
>
> > (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;
> >
> > (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

---

[9] Additionally, Lichtman's brief contains accusations that the various trial court judges, by dismissing her complaint, had become willing participants in the underlying crimes alleged in the complaint, thereby exposing themselves to potential prosecution and disciplinary action, all in an attempt to silence her. However, such accusations, and others like them in Lichtman's brief, are "immaterial and inappropriate to the proof of the cause of action," *i.e.*, they are scandalous and impertinent and, therefore, we will not consider them. *See Department of Environmental Resources v. Peggs Run Coal Co.*, 423 A.2d 765, 769 (Pa. Cmwlth. 1980).

Pa.R.Crim.P. 506.

Our Supreme Court discussed private criminal complaints in *Commonwealth v. Benz*, 565 A.2d 764 (Pa. 1989) (Larsen, J., concurring; Papadakos, J., dissenting) (plurality decision). In *Benz*, the local district attorney disapproved a private criminal complaint filed by Laverda Hicks on the grounds that insufficient evidence existed to establish that a crime had been committed by Officer Joseph E. Benz of the Pittsburgh Police Department. Subsequently, Hicks sought judicial review of the matter. The common pleas court accepted the petition but denied approval after a review of the record, holding that the district attorney did not abuse his discretion by not prosecuting Officer Benz. Hicks appealed to the Superior Court, which reversed the common pleas court and determined that evidence was available to establish a *prima facie* case. On further appeal, the Supreme Court affirmed.

The court, in its opinion announcing the judgment, explained that because the local district attorney declined to prosecute on the basis of a "lack of evidence sufficient to establish a *prima facie* case . . . a court is required to review the appropriateness of that determination." *Benz*, 565 A.2d at 767. The opinion noted that it has always been the burden of the Commonwealth to establish a *prima facie* case and, "[t]raditionally the final determination of sufficiency of the evidence has been a judicial judgment." *Id.* However, the opinion distinguished that situation "from the prosecutorial discretion not to bring prosecution even if a *prima facie* case may be established from the evidence available." *Id.*

Ultimately, the Supreme Court noted that the evidence in the case established a homicide, that Officer Benz was the person responsible for the death of Hicks' son, and that whether the homicide was justifiable or excusable was a matter of defense and not a basis to conclude that a *prima facie* case did not exist. The Supreme Court rejected an argument by the Commonwealth that judicial intervention

6

"impermissibly trammeled upon the prosecutorial discretion," noting that the local district attorney had "never purported to predicate his decision not to prosecute upon the exercise of his prosecutorial discretion to make policy" but instead had "expressly stated that the decision to decline prosecution resulted from his determination that the evidence would not sustain a *prima facie* case." *Id.* at 768. The Supreme Court held that this type of decision was "within the purview of the judicial system to review."[10] *Id.*

Furthermore, "[a] writ of mandamus is an extraordinary remedy that compels an official's performance of a ministerial act or mandatory duty." *Sturgis v. Doe*, 26 A.3d 1221, 1223 (Pa. Cmwlth. 2011). The issuance of a writ of mandamus is warranted "where there exists a clear legal right in the plaintiff and a corresponding duty in the defendant and a lack of another appropriate and adequate remedy." *Lutz v. Commonwealth*, 505 A.2d 1356, 1357 (Pa. Cmwlth. 1986). Mandamus will not lie "to revise a public official's decision that results from the exercise of discretion." *Seeton v. Adams*, 50 A.3d 268, 273 (Pa. Cmwlth. 2012). However, "[M]andamus can be used to compel a public official to exercise discretion where the official has a mandatory duty to perform a discretionary act and has refused to exercise discretion." *Id.* at 274.

Additionally, "[M]andamus is appropriate whenever there is a mistaken view of the law," even if there is no actual exercise of discretion. *Seeton*, 50 A.3d at 280 (citing *Tanenbaum v. D'Ascenzo*, 51 A.2d 757, 758 (Pa. 1947) (holding that where a public official's refusal to act is based upon a misinterpretation of the law, a mandamus action is appropriate and the refusal is subject to review by the courts)).

---

[10] In a concurring opinion, Justice Larsen noted that the rule providing for the filing of private criminal complaints "protects the interest of the private complainant by allowing for the submission of the disapproved complaint to a judge of a court of common pleas. The judge's *independent* review of the complaint checks and balances the district attorney's decision and further hedges against possibility of error." *Benz*, 565 A.2d at 769 (emphasis in original).

The court in *Tanenbaum* explained that while mandamus generally lies "only where the duty is ministerial *and does not involve the exercise of discretion or judgment*," it will also lie "where by a mistaken view of the law or by an arbitrary exercise of authority there has been in fact no actual exercise of discretion." *Id.*

Here, Lichtman has not alleged that District Attorney Krasner's refusal to take action was premised on a mistaken view of the law or that said refusal was the result of an arbitrary exercise of his authority. The fact remains that Lichtman has still not cured the deficiencies that led to the dismissal of her prior complaints. Instead, she has simply filed a new complaint naming current District Attorney Krasner as a defendant. As the trial court noted, former District Attorney Williams "conducted a reasonable investigation and ensured that [Lichtman] was remedied in the underlining [sic] legal action," but Lichtman is "merely dissatisfied with the outcome of her case." (Trial court op. at 2-3.)

Moreover, Lichtman has not alleged that she even submitted a private criminal complaint to District Attorney Krasner,[11] who refused to take further action, let alone that said refusal amounted to bad faith, fraud, or unconstitutionality, or that he made a decision that was patently discriminatory, arbitrary, or pretextual. Rather, Lichtman's present complaint merely reiterated the purported failures of previous individuals serving as Philadelphia District Attorney or First Assistant District Attorney to bring criminal charges against various members of the Pennsylvania Bar and judiciary. As the issues of legal error or abuse of discretion have already been addressed by our prior decisions in *Lichtman I* and *II*, and for the above reasons, we agree that Lichtman's complaint lacked "an arguable basis either in law or in fact" and,

---

[11] In her complaint, Lichtman merely alleged that she "provided information to, and notified" District Attorney Krasner of the various criminal actions perpetrated against her. (Lichtman's Complaint, ¶30.)

8

therefore, was frivolous.  Pa.R.C.P. No. 240(j)(1), *Note* (quoting *Neitzke*, 490 U.S. at 325).

Accordingly, the order of the trial court is affirmed.[12]

---

[12] Lichtman's remaining contentions do not warrant reversal.  There is nothing in Pa.R.C.P. No. 240(j)(1) that prohibits a court from dismissing an action as frivolous merely because in a prior action the same party was granted permission to proceed IFP.  *But see Grosso v. Love*, 667 A.2d 43, 44 (Pa. Cmwlth. 1995) (holding that it was improper to dismiss the complaint as frivolous under Pa.R.C.P. No. 240(j)(1), based on affirmative defenses which were deemed improper since the Commonwealth had not filed an answer; in other words, Pa.R.C.P. No. 240 did not even apply).  There is nothing here in the record to suggest that the trial court did not read the complaint, and the documents attached to it, before dismissing it.  In fact, to the contrary, the trial court's February 9, 2018 order expressly stated that the trial court reviewed the same.  Nor is there anything in the record to suggest that the trial court judge who dismissed the complaint was biased.  Adverse rulings, without more, are insufficient to demonstrate bias.  *Dow v. Workers' Compensation Appeal Board (Household Finance Co.)*, 768 A.2d 1221, 1225 (Pa. Cmwlth. 2001).  Finally, we find Lichtman's contentions relating to the trial court's purported failure to apply certain provisions of the Philadelphia Code and to report the conduct alleged in the complaint to attorney disciplinary and prosecutorial authorities are without merit for the same reasons we articulated in *Lichtman I*.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Lichtman, :
              Appellant :
               : No. 352 C.D. 2018
          v. :
               :
Larry Krasner :


**PER CURIAM**

## *ORDER*


AND NOW, this 18th day of April, 2019, the order of the Court of Common Pleas of Philadelphia County, dated February 9, 2018, is hereby affirmed.