**MUMMAU, O. Howard, Appellant,**

v.

**RANCK, Michael, District Attorney, Lancaster County, Buckwalter, Ronald, Former District Attorney, Lancaster County.**

No. 82–1075.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Aug. 2, 1982.

Decided Aug. 12, 1982.

---

\* Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

Dona S. Kahn, Harris & Kahn, Philadelphia, Pa., for appellant.

Joseph W. McGuire, Joseph P. Green, Krusen, Evans & Byrne, Philadelphia, Pa., for appellees Michael Ranck and Ronald Buckwalter.

LeRoy S. Zimmerman, Atty. Gen., Susan J. Forney, Allen C. Warshaw, Deputy Attys. Gen., Chief, Sp. Litigation, Harrisburg, Pa., for amicus curiae Atty. Gen. of Com. of Pa.

David W. Heckler, Ann A. Osborne, Pa. Dist. Attys. Ass'n, Doylestown, Pa., for amicus curiae Pa. Dist. Attys. Ass'n.

Before ALDISERT and WEIS, Circuit Judges, and RE,* Chief Judge.

* Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

## OPINION OF THE COURT

PER CURIAM.

In *Ness v. Marshall*, 660 F.2d 517 (3d Cir. 1981), we determined that as a matter of law the positions of city solicitor and assistant city solicitor were those for which party affiliation was an appropriate requirement for effective performance and therefore a mayor's dismissal of those attorneys for reasons of their political affiliation did not violate the First Amendment. In the present case, *Mummau v. Ranck*, 531 F.Supp. 402 (E.D.Pa.1982), the district court used kindred reasoning and determined that the plaintiff's employment as an assistant district attorney brought him within the exemption of the rule of *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). The plaintiff has appealed. We affirm essentially for the reasons set forth in *Ness v. Marshall*, as applied to the facts here by the district court. Additionally, the district court considered and applied appropriate Pennsylvania statutory and case law relating to the obligations of Pennsylvania's district attorneys and their assistants. We specifically reject appellant's contention that his function was purely technical and ministerial and that therefore political affiliation would be an inappropriate criterion for employment. That an assistant district attorney "could *conceivably* operate in such a legal/technical manner," or that appellant *in fact* so limited himself to the role described is irrelevant. *See Ness*, 660 F.2d at 521; *Mummau*, 531 F.Supp. at 405.

The judgment of the district court will be affirmed.