466 A.2d 701

James V. SANDUTCH, Appellant,

v.

Matthew FARRELL, Chester B. Muroski, Patrick J. Toole, Paul J. Farrell, Mr. Pearson and James Gelb.

Superior Court of Pennsylvania.

Submitted Jan. 20, 1982.

Filed Oct. 7, 1983.

James V. Sandutch, in propria persona.

Chester B. Muroski, District Attorney, in propria persona.

Before JOHNSON, WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal by a private criminal complainant from an order in which the court below quashed proceedings under Rule of Criminal Procedure 133(B)(3)(ii), which permits the complainant to file a private criminal complaint with the common pleas court if it has been disapproved by the district attorney.[1] Since the court below quashed the proceedings on an incorrect procedural ground, we vacate the order and remand for a determination on the merits of whether the district attorney abused his prosecutorial discretion in disapproving the private criminal complaints in this case.

Complainant followed the proper procedure below, first submitting his six private complaints to the district attorney for his approval or disapproval, as required by Rule of Criminal Procedure 133(B)(1). After complaints were disap-

---

1. We must reject the Commonwealth's contention that the appeal should be quashed as interlocutory. Complainant has plainly been put out of court with respect to the right conferred by Rule 133(B)(3)(ii), to have common pleas court review the district attorney's refusal to prosecute.

proved, complainant filed them in common pleas court, as provided in Rule 133(B)(3)(ii).

The court below quashed the proceedings, holding that under Rule of Criminal Procedure 21, complainant should have brought his private criminal complaints to a magistrate, rather than the district attorney. Rule 21, however, only determines the magisterial district in which venue is appropriate in a criminal proceeding. In the case of a private criminal complaint, there is no criminal proceeding to bring before the magistrate until the complaint is approved, either by the district attorney or by the court.

Since the district attorney declined to prosecute here, there was not yet any question of the proper magisterial district under Rule 21. The district attorney's refusal to prosecute was properly brought before common pleas court for its review under Rule 133(B)(3)(ii). Therefore we shall vacate the order quashing the proceedings, and remand for the court to determine whether the district attorney abused his discretion in refusing to prosecute.

Order vacated, and case remanded with directions. Jurisdiction relinquished.