482 A.2d 1033

**In re Patrick J. WOOD.**

**Appeal of Patrick J. WOOD.**

Superior Court of Pennsylvania.

Argued Feb. 28, 1984.

Filed Oct. 5, 1984.

Petition for Allowance of Appeal Denied Jan. 17, 1985.

H. David Rothman, Pittsburgh, for appellant.

Melinda G. Tell, Assistant District Attorney, Pittsburgh, for participating party.

Before BROSKY, DEL SOLE and MONTGOMERY, JJ.

BROSKY, Judge:

This is an appeal from the order denying approval of private criminal complaints. Appellant contends that: (1) he has standing to appeal the decision of the court below; and (2) the lower court erred in refusing to approve the criminal complaints after he had presented a prima facie

case. We agree that appellant has standing, but disagree that the court below erred. Accordingly, we affirm the order of the lower court.

On December 17, 1982, appellant was arrested and charged with aggravated assault, simple assault, resisting arrest, public intoxication, and disorderly conduct. Thereafter, appellant attempted to file private criminal complaints against the two arresting officers, charging them with criminal conspiracy, aggravated assault, recklessly endangering another person and official oppression. The District Attorney declined prosecution. Appellant then filed the proposed complaints with the Court of Common Pleas for approval. The court refused to approve the complaints, concluding that appellant's injuries were the result of the necessary use of force by the police to control his violent behavior. The court further noted that in view of the amount of alcohol he had consumed, it doubted appellant's ability to recall what had actually happened. This appeal timely followed.

■ The first issue we address is whether appellant has standing to appeal the order of the lower court. Under Pa.R.Crim.P. 133(B)(3)(ii), if the attorney for the Commonwealth disapproves a private criminal complaint, "the affiant may file the complaint with a judge of the Court of Common Pleas for approval or disapproval." The question before us is whether the affiant may appeal an adverse decision of the Common Pleas judge.

In *Commonwealth v. Eisemann*, 276 Pa.Super. 543, 419 A.2d 591 (1980), this court affirmed the disapproval of a private complaint by the district attorney and a Common Pleas Court judge. However, neither party had addressed the standing issue and the court simply assumed without deciding that appellate review is available from decisions by the District Attorney and a trial judge who refuse to approve a private, criminal complaint.

Appellee, the Commonwealth, contends, however, that the case of *Commonwealth v. Malloy*, 304 Pa.Super. 543, 450 A.2d 689 (1982), is dispositive of this issue. In *Malloy*, private complaints had been approved by the District Attorney, but the trial court, after hearing the defendant's habeas corpus petition, had dismissed the complaints on the basis that a prima facie case had not been established. When the District Attorney declined to take an appeal from this dismissal, the private complainants filed notices of appeal which the District Attorney moved to quash. This court held that the private complainants were not parties to the criminal action and, thus, that they had no standing to appeal.[1]

This decision was in accord with Pa.R.A.P. 501 which provides as follows:

*Any Aggrieved Party May Appeal*

Except where the right of appeal is enlarged by statute, any *party* who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom. (emphasis added).

Thus, the conclusion that the complainants in *Malloy* had no standing to appeal was inevitable once the court had found that the complainants were not parties to the criminal action.

The question we must resolve, in the instant case therefore becomes whether appellant was a party to the proceedings below. 42 Pa.C.S.A. § 102 defines the term "party" as "[a] person who commences or against whom relief is sought in a matter." See Pa.R.A.P. 102 (comment). Under this definition, we believe that appellant, who commenced the matter below by filing his private complaint in the Court of Common Pleas, must be considered a party to the action

---

1. We note that in a second *Eisemann* case, *Commonwealth v. Eisemann*, 308 Pa.Super. 16, 453 A.2d 1045 (1982), this court again assumed without deciding that appellate review was available in the instant type of case. Although the second *Eisemann* case was filed three months after *Malloy, Malloy* was not cited in the opinion.

below. In other words, we find *Malloy* distinguishable because the order of the court below from which appellant appeals did not dismiss a criminal action to which appellant was not a party, but dismissed a matter brought by appellant pursuant to Pa.R.Crim.P. 133(B)(3)(ii). Thus, we conclude that a private prosecutor does have a right of appeal from the order of the trial judge disapproving his criminal complaint.[2]

Having found that appellant has standing to appeal the disapproval of his private complaints, we turn to the merits of his appeal. Appellant contends that the Common Pleas Court judge's function was essentially that of a district justice and, thus, that the trial judge should not have evaluated the credibility of the witnesses, but should have only determined whether appellant presented sufficient evidence to establish a prima facie case. He argues that the judge erred in failing to approve the complaints because he had presented such evidence.

■ We believe appellant fundamentally misapprehends the role of a Common Pleas Court judge conducting a Rule 133(B) review of the District Attorney's disapproval of a private complaint. A Rule 133(B) hearing, if provided,[3] is not the functional equivalent of a preliminary hearing, nor is the Rule 133(B) judge acting as a district justice. Rule 133(B) merely gives the complainant the opportunity to obtain a judge's independent review of the complaint.

**2.** We note that in the case of *Sandutch v. Farrell,* 319 Pa.Super. 589, 466 A.2d 701 (1983), this court reviewed an appeal by a private complainant from an order in which the court below quashed proceedings under Rule 133(B)(3)(ii). While the court ruled that such an appeal was not interlocutory, it did not discuss the issue of standing.

**3.** As the court has stated, "a Common Pleas Court judge is not required by ... [Pa.R.Crim.P. 133(B)(3)(ii) ] to grant a hearing; the additional procedures merely gives the private prosecutor the opportunity to have his complaint reviewed following an adverse decision by the district attorney." *Eisemann, supra,* 276 Pa.Superior Ct. at 545 n. 4, 419 A.2d at 592 n. 4, quoting *Petition of Piscanio,* 235 Pa.Super. 490, 495–96 n. 5, 344 A.2d 658, 661 n. 5 (1975).

*Commonwealth v. Eisemann,* 276 Pa.Super. 543, 419 A.2d 591 (1980); *Petition of Piscanio,* 235 Pa.Super. 490, 344 A.2d 658 (1975).

■ As explained in *Eisemann, supra*

[w]hether to charge a person with a criminal offense depends upon the exercise of prosecutorial discretion. This discretionary power of the District Attorney in determining whether prosecution shall be commenced or maintained may well depend on matters of policy wholly separate and apart from the existence or nonexistence of probable cause. For this reason, the courts have been wary of interfering with or attempting to supervise the District Attorney in the exercise of his discretion in controlling criminal prosecutions. *United States v. Cox,* 342 F.2d 167, 171 (5th Cir.1965) cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700. See also: A.B.A. Standards Relating to the Prosecution Function and the Defense Function § 3.4.

. . . . .

... [t]herefore, ... a court should not interfere with the exercise of prosecutorial discretion under Rule 133 unless there has been a gross abuse of discretion.

*Id.,* 276 Pa.Superior Ct. at 545–47, 419 A.2d at 592–93.

■ Instantly, the Deputy District Attorney, in setting forth the reasons for the Commonwealth's disapproval of the complaints stated:

Very briefly, basically because our evidence indicates clearly that Mr. Wood was taken to the cell block and checked in there and at that time a fracas between he and Officer Trosky took place and at that time he was injured. Mr. Wood doesn't even remember being there. However, again, the records indicate that he was in the cell block and checked in. And also due to the fact of the amount of alcohol that Mr. Wood consumed makes his story somewhat incredible.

For those reasons, the Commonwealth declined prosecution.

After considering the testimony given at the Rule 133(B) hearing and at appellant's preliminary hearing, the Common Pleas Court judge agreed stating that:

> [t]he injuries caused to [appellant] were the direct result of the necessary use of force by police officers to combat the uncontrollable Wood. A review of the preliminary hearing transcript leads this Court to doubt [appellant's] capacity to accurately recall what actually transpired on the date in question.

We agree with the *Eisemann* court that:

> In the instant case, both the District Attorney and [the Common Pleas Court judge] were of the opinion that the Commonwealth would not be able to achieve a conviction on the criminal complaint offered by appellant.[4] Each had an obligation to achieve justice; each had a responsibility to prevent the misuse of judicial and prosecutorial personnel in the pursuit of futile convictions. Appellant has not demonstrated that these decisions involved an abuse of discretion by the District Attorney or by [the Common Pleas Court judge]. The decision to disapprove a private criminal complaint, therefore, must be affirmed.

*Id.*, 276 Pa.Superior Ct. at 546–47, 419 A.2d at 593.

Order affirmed.

DEL SOLE, J., filed a dissenting opinion.

**4.** Of course, it is not necessary that the District Attorney and the Common Pleas Court judge be so convinced. As stated earlier, a decision to prosecute may depend on policy matters wholly independent of the existence of probable cause. As stated in Standard 3–3–9 of the American Bar Association Standards for Criminal Justice (Approved Draft, 1979),

> The Prosecution Function
> (b) The prosecutor may in some circumstances and for good cause consistent with the public interest decline to prosecute, notwithstanding that sufficient evidence may exist which would support a conviction. . . .

DEL SOLE, Judge, dissenting:

I respectfully dissent.

In *Commonwealth v. Malloy*, 304 Pa.Super. 297, 450 A.2d 689 (1982), this Court held that a victim-complainant has no standing to appeal the dismissal of private criminal complaints. I do not believe the fact that the *Malloy* case had proceeded to the preliminary hearing stage before dismissal makes any difference in Appellant's standing to appeal to this Court.

Pa.R.Crim.P. 133(B) gives a victim-complainant the right to seek approval from the Court of Common Pleas of a private criminal complaint which has been disapproved by the district attorney. However, that rule of court does not make the victim-complainant a party to the action.

Criminal prosecutions are not to settle private grievances, but are to rectify the injury done to the Commonwealth. The individual who is the victim of a crime only has recourse to a civil action for damages. *Commonwealth v. Malloy, supra,* 304 Pa.Superior Ct. at 301, 450 A.2d at 691. The court in *Malloy* cited with approval the language of the United States Supreme Court in *Linda R.S. v. Richard C. & Texas, et al.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973), that "... a citizen lacks standing to contest the policies of the prosecuting attorney when he himself is neither prosecuted nor threatened with prosecution ... (I)n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another".

The state is the party-plaintiff in a criminal prosecution. The victim-complainant is not a party to the proceeding. The victim acts only as a prosecuting witness, even in the case of a private criminal complaint. *Commonwealth v. Malloy, supra,* 304 Pa.Super. at 306, 450 A.2d at 689. Therefore, the victim-complainant has no standing to appeal from the disapproval of private criminal complaints.

I would quash the appeal.