669 A.2d 984

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael Reuben BROWN.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1995.

Filed Dec. 29, 1995.

456 .

Mary B. Seiverling, Deputy Attorney General, Harrisburg, for the Commonwealth, appellant.

Barry L. Smith, Warren, for Jay W. Buckley, participating party.

Before ROWLEY, President Judge, and CAVANAUGH, BECK, TAMILIA, KELLY, JOHNSON, HUDOCK, FORD ELLIOTT and SAYLOR, JJ.

JOHNSON, Judge:

The Commonwealth brings this appeal claiming that the trial court, in ordering the prosecution of a private criminal complaint, usurped its policy-making authority contrary to the separation of powers doctrine. We are also asked to clarify the standard by which the trial court evaluates a prosecutor's decision regarding a private complaint. Further, we must establish the standard for appellate review of such a complaint. Because we find that the trial court did not err or abuse its discretion in directing the Attorney General to prosecute this case, we affirm.

In September 1989, while investigating the kidnapping, rape and murder of Kathy Wilson, the police in Warren County, Pennsylvania, offered a reward for information leading to the discovery and conviction of her killer. In response, New York resident Michael Reuben Brown, then age 16, contacted authorities and claimed to have information about the case. Police arranged to have Brown transported to Pennsylvania. Upon his arrival, Brown was immediately arrested and charged with Wilson's murder, rape and kidnapping. Following his arrest, Brown gave statements to police that implicated Jay William Buckley as Wilson's murderer. Thereafter, police arrested Buckley and charged him with Wilson's murder, kidnapping, and rape. In return for his testimony against Buckley, prosecutors agreed to permit Brown to plead guilty to the lesser charges of indecent assault, felonious restraint, and hindering apprehension.

At Buckley's trial, Brown testified that he had been with Buckley and had witnessed him kidnap, rape, and ultimately kill Wilson. However, during ten days of cross-examination, defense counsel questioned Brown about numerous inconsistencies between his in-court testimony and the statements he had given to police. Counsel pointed out discrepancies in, among other things, Brown's descriptions of Wilson's clothing, how she was abducted, and the type of weapon used. As a result, Brown admitted that he had repeatedly lied in his statements to police and during previous court appearances. Brown also conceded that he had committed numerous acts of

perjury at Buckley's preliminary hearing. In all, Brown admitted to having told over 700 lies in connection with the disappearance and murder of Wilson. Subsequently, the jury acquitted Buckley on all charges.

Following Brown's guilty plea to the lesser charges, the trial court sentenced him to an aggregate term of 7 to 14 years' imprisonment. Brown then filed post-trial motions for reconsideration of his sentence and withdrawal of his guilty plea. Thereafter, at a hearing on these motions, Brown again testified that he had lied at Buckley's trial when he claimed to have been an eyewitness to Wilson's abduction, rape and murder. According to Brown, his trial testimony had been scripted by Pennsylvania State Trooper John Herzog and District Attorney Joseph Massa, and he had testified the way that he did at their request. The trial court granted Brown's petition to withdraw his guilty plea and authorized the Commonwealth to reinstate the original charges against him. The Commonwealth, however, elected not to prosecute and petitioned the court to nolle pros all charges. The trial court granted this petition. Further, the District Attorney decided not to file charges against Brown for making false statements to police or committing perjury during Buckley's preliminary hearing and trial.

On November 21, 1991, Buckley submitted a private criminal complaint to the Warren County District Attorney's Office pursuant to Pa.R.Crim.P. 133, Approval of Private Criminal Complaints, which has since been re-numbered as Pa. R.Crim.P. 106. In his complaint, Buckley alleged that Brown committed three acts of perjury and one act each of making false reports to law enforcement authorities, tampering with or fabricating physical evidence, hindering apprehension or prosecution, obstructing the administration of law or other governmental function, making unsworn falsifications to authorities, and criminal conspiracy. The private criminal complaint was based upon Brown's actions leading up to Buckley's arrest and during Buckley's trial.

In his complaint, Buckley named the District Attorney as Brown's co-conspirator. As a result, the District Attorney,

pursuant to the Commonwealth Attorney's Act, 71 P.S. § 732–205(a)(3), asserted a conflict of interest and requested that the Attorney General review the complaint. In July 1993, twenty months after its submission to the District Attorney's Office, the Attorney General disapproved Buckley's private criminal complaint. Pursuant to Rule 106, Buckley filed a petition with the court of common pleas, seeking its approval of the private criminal complaint. Following a hearing in December 1993, the trial court concluded that the Attorney General had committed a gross abuse of discretion in disapproving the first eight counts of Buckley's private criminal complaint and directed the Attorney General to prosecute Brown on those charges. However, the court disapproved the conspiracy charge, determining that the Attorney General had acted within his discretion when deciding not to prosecute on that charge. This appeal followed.

On appeal, the Attorney General argues that the trial court's directive to prosecute the criminal complaint, despite the Attorney General's policy-based discretionary decision to the contrary, violates the separation of powers doctrine. The Attorney General further asserts that the trial court erred in determining that he committed a gross abuse of discretion in disapproving the private criminal complaint.

In order to consider the merit of these contentions, we must analyze the authority that establishes the proper procedure for addressing private criminal complaints. This procedure is set forth in Pa.R.Crim.P. 106 as follows:

**Rule 106. Approval of Private Complaints**

(a) When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(b) If the attorney for the Commonwealth:

\* \* \* \* \* \*

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a court of common pleas for approval or disapproval. . . .

■ As his first issue, the Attorney General contends that the trial court's directive to prosecute Buckley's private criminal complaint, despite the Attorney General's policy-based discretionary decision to the contrary, violates the separation of powers doctrine. Specifically, he asserts that courts may never evaluate prosecutorial decisions that are based on policy determinations. We disagree.

■ First, after reviewing the record, we find that this issue is raised for the first time in the Attorney General's brief to this Court. It is well-settled that if an issue is not properly preserved at trial, it is waived for the purposes of appellate review. Pa.R.A.P. 302(a); *Commonwealth v. Shoup*, 423 Pa.Super. 12, 620 A.2d 15 (1993). Thus, we find that this issue has been waived.

Moreover, even if this issue had been properly preserved, we conclude that the Attorney General's contention is without merit. Rule 106, in authorizing the issuance of private criminal complaints, expressly provides for the approval or disapproval of such a complaint by a judge of the court of common pleas. *See also Commonwealth v. Stivala*, 435 Pa.Super. 176, 187, 645 A.2d 257, 262 (1994) ("The clear language of [Rule 106] indicates that although the prosecuting attorney has discretion over whether to prosecute based upon the filing of a private complaint, that discretion is not unfettered, and necessarily involves review by the trial court."). In addition, this Court has stated that a judge's independent review of a private complaint serves as a necessary check and balance of the prosecutor's decision and protects against the possibility of error. *Commonwealth v. Pritchard*, 408 Pa.Super. 221, 233, 596 A.2d 827, 833 (1991).

■ We agree with the Attorney General's assertion that the separation of powers doctrine, in general, prohibits the judiciary from intervening when the executive branch has

462

freely exercised its discretionary authority to execute the laws of the Commonwealth. *Cf. Sweeney v. Tucker*, 473 Pa. 493, 375 A.2d 698 (1977). It is this doctrine that makes courts wary of interfering with or supervising a prosecuting attorney in the exercise of his discretion in controlling criminal prosecutions. *In re Maloney*, 431 Pa.Super. 321, 326, 636 A.2d 671, 676 (1994); *Commonwealth v. Muroski*, 352 Pa.Super. 15, 20, 506 A.2d 1312, 1314 (1986).

■ However, the separation of powers doctrine does not entirely preclude judicial review of discretionary decisions made by the executive branch. Our supreme court has stated that

"the mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that review is limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; *judicial* discretion may not be substituted for *administrative* discretion."

*In re Petition of Acchione* 425 Pa. 23, 30, 227 A.2d 816, 820 (1967), quoting *Blumenschein v. Pittsburgh Hous. Auth.*, 379 Pa. 566, 572–73, 109 A.2d 331, 335 (1954), *appeal dismissed*, 350 U.S. 806, 76 S.Ct. 68, 100 L.Ed. 724 (1955). Furthermore, this standard has been applied to discretionary decisions made by a prosecutor. *See Commonwealth v. Slick*, 432 Pa.Super. 563, 565–65, 639 A.2d 482, 483, *appeal denied*, 538 Pa. 669, 649 A.2d 671 (1994).

■ Moreover, the Pennsylvania Constitution gives our supreme court the exclusive power to establish rules of procedure for our judicial system. Pa. Const. art. V, § 10(c); *In re 42 Pa.C.S. § 1703*, 482 Pa. 522, 394 A.2d 444 (1978). The interpretation of those rules, however, is beyond the jurisdiction of the Superior Court and any attempt to do so would be an unwarranted intrusion into the supreme court's authority.

*Cf. Reilly by Reilly v. Southeastern Pa. Transp. Auth.,* 507 Pa. 204, 489 A.2d 1291 (1985). The function of this Court is limited to maintaining and effectuating the law as established by our supreme court. *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985). Thus, we are not empowered to declare that a rule established by the supreme court violates the separation of powers doctrine.

Based upon the foregoing, we conclude that the separation of powers doctrine is not violated by a limited judicial review of a prosecutor's decision, whether based upon policy considerations or otherwise, regarding a private criminal complaint.

Next, the Attorney General asserts that the common pleas court erred in concluding that he committed a gross abuse of discretion in disapproving Buckley's private criminal complaint. In order to resolve this issue, we must determine the proper standard for a trial court to apply when it is asked to review a prosecutor's disapproval of a private criminal complaint. Further, because of existing confusion concerning the proper standard for an appellate court to apply when reviewing a trial court's determination in such a case, we must clarify that standard as well.

This Court first attempted to establish a standard for reviewing a prosecutor's determination regarding the approval of a private criminal complaint in *Commonwealth v. Eisemann,* 276 Pa.Super. 543, 419 A.2d 591 (1980). In *Eisemann,* this Court stated that " '[t]he judge's independent review of the complaint checks and balances the [prosecutor]'s decision and further hedges against possibility of error....' " *Id.* at 546, 419 A.2d at 592, quoting *In re Petition of Piscanio,* 235 Pa.Super. 490, 495, 344 A.2d 658, 661 (1975). Further, we emphasized the need for courts to give deference to the prosecutor's discretion because his decision regarding a private criminal complaint "may well depend on matters of policy wholly separate and apart from the existence or nonexistence of probable cause." *Id.* Thus, while a court must give proper deference to the prosecutor as a member of the executive branch, it must also, in the interests of justice, ensure that the prosecutor does not make his determinations regarding a

private criminal complaint without support for his conclusions. After balancing these competing policy interests, we concluded that "a court should not interfere with the exercise of prosecutorial discretion under Rule [106] unless there has been a gross abuse of discretion." *Id.* at 546, 419 A.2d at 593. However, the *Eisemann* court failed to establish which court would review the prosecutor's decision using the gross abuse of discretion standard.

The *Eisemann* standard of review was cited with approval in *In re Wood*, 333 Pa.Super. 597, 482 A.2d 1033 (1984). However, this Court, again, failed to clarify which court should apply the gross abuse of discretion standard. Subsequently, our Court reviewed this standard in *Commonwealth v. Muroski*, 352 Pa.Super. 15, 506 A.2d 1312 (1986) (en banc), and, for the first time, concluded that an appellate court does not directly review the actions of the prosecutor. Rather, this Court established that an *appellate court's* function in reviewing an appeal from the trial court's decision regarding a prosecutor's approval or disapproval of a private criminal complaint is to "determine whether the trial court abused its discretion or committed an error of law. . . ." *Id.* at 19, 506 A.2d at 1314. In addition, we note that Judge Spaeth, in his concurring and dissenting opinion, attempted to clarify the *trial court's* function in such an action by stating that "[t]he issue before the trial court was whether in refusing to approve the complaint the district attorney had grossly abused his discretion." *Id.* at 31, 506 A.2d at 1321.

In 1989, our supreme court first distinguished between a prosecutorial decision that is based upon a policy determination and one that is based upon a legal evaluation of the sufficiency of the complaint. In *Commonwealth v. Benz*, 523 Pa. 203, 565 A.2d 764 (1989) (plurality), a private complaint was disapproved for insufficient evidence. The common pleas court applied the *Eisemann* standard and held that the prosecutor did not abuse his discretion in disapproving the complaint. This Court reversed, finding that the evidence established a *prima facie* case and, accordingly, directed the district attorney to prosecute. *Commonwealth v. Benz*, 373

Pa.Super. 629, 536 A.2d 821 (1987). The supreme court affirmed this decision, concluding that the prosecutor's decision not to proceed with the private criminal complaint required an independent review of his legal judgment. *Benz, supra,* 523 Pa. at 209–10, 565 A.2d at 767. The supreme court further concluded that, because the prosecutorial decision was based upon a legal evaluation of the merits of the case, this review was not an intrusion into prosecutorial discretion. *Id.* In a footnote, the court distinguished between a prosecutorial decision based upon a policy determination and one based upon a legal evaluation of the merits of the case. The court stated that "[i]f the district attorney had stated policy reasons to support the decision not to prosecute, this Court would show the deference accorded to such a discretionary use of the executive powers conferred in that officer." *Id.* at 208 n. 4, 565 A.2d at 767 n. 4.

This distinction between a policy based determination and a legal evaluation of the sufficiency of the complaint was adopted by this Court in *Commonwealth v. Jury,* 431 Pa.Super. 129, 636 A.2d 164 (1993), *appeal denied,* 537 Pa. 647, 644 A.2d 733 (1994). In *Jury,* we determined that this Court reviews a prosecutor's decision regarding the disapproval of a private criminal complaint by applying the following standard:

When the district attorney rests the disapproval of a private criminal complaint on wholly discretionary matters of policy, this Court will not disturb that determination, absent a gross abuse of discretion. When the district attorney bases a dismissal solely on a lack of evidence, however, this Court will apply a *de novo* standard of review because such a decision is not entitled to the same deference afforded a policy decision not to prosecute, even where a *prima facie* case exists.

*Id.* at 137, 636 A.2d at 168 (citations omitted). Furthermore, *Jury* cites the footnote in *Benz* in support of its conclusion that the Superior Court will perform a *de novo* review of the legal evaluation by the prosecutor. This standard has been followed in *In re Maloney,* 431 Pa.Super. 321, 636 A.2d 671

(1994), and *Commonwealth v. Metzker*, 442 Pa.Super. 94, 658 A.2d 800 (1995).

Although we continue to find validity in a court giving deference to a prosecutor's policy decision not to prosecute a private criminal complaint, we recognize the need to distinguish between the standard of review to be used by the trial court and the appellate court. *Jury* incorrectly establishes that an appellate court directly reviews the prosecutor's decision regarding a private criminal complaint. However, Rule 106 reserves this function to the court of common pleas. Thus, we must reject *Jury*'s standard and establish the following as the appropriate standard of review.

When a trial court is asked to review a prosecutor's disapproval of a private criminal complaint, the trial court must first determine the rationale behind the prosecutor's decision. If the prosecutor's decision was based upon a legal evaluation of the sufficiency of the complaint, then the trial court must undertake a *de novo* review of the complaint to ascertain whether it establishes a *prima facie* cause of action. If, however, the prosecutor's decision was based upon a policy determination that it would not be in the best interests of the Commonwealth to prosecute, then the trial court must defer to the prosecutor's discretion absent a gross abuse of that discretion.

In determining whether a gross abuse of discretion has occurred, the common pleas court must consider whether the policy advanced by the prosecuting authority comports with both the law and justice. A policy must embrace the general principles by which the prosecutor is guided in the management of its public responsibilities. A policy connotes a definite course or method of action selected in light of given conditions to guide and determine both present and future decisions. Therefore, it is expected that a prosecutor should be prepared to advance evidence that confirms the establishment of the policy, as well as corroborates its application to matters of similar, or like, import.

■ This in no way suggests that the common pleas court may substitute its judgment for that of the prosecutor. But where the prosecutor seeks to rest the decision not to prosecute on policy grounds, the prosecutor must be prepared to come forward with a clear statement as to the particular policy that dictates withholding prosecution as well as how that policy relates to the particular facts being advanced by the private prosecutor.

■ When an appeal is brought from a common pleas court's decision regarding the approval or disapproval of a private criminal complaint, an appellate court is limited to ascertaining the propriety of the *trial court's* actions. Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law.

■ We now apply these standards to the facts of this case. In disapproving the private criminal complaint, the Attorney General provided several reasons for his decision not to pursue criminal charges against Brown; namely: (1) there was no proof of a criminal conspiracy; (2) Brown's conflicting accounts were "patently obvious to everyone" and actually benefitted Buckley by securing his acquittal; (3) the trial would consume too much additional time and money; (4) Brown had already been incarcerated for two years as a result of his guilty pleas. Attachment to Response to Commonwealth's Disapproval of Private Criminal Complaint, filed November 17, 1993. The Attorney General's decision regarding the eight charges in the complaint that are the subject of this appeal was based upon a policy determination that it would not be in the best interests of the Commonwealth to initiate prosecution. Thus, the trial court was limited to determining whether the prosecutor committed a gross abuse of discretion.

The Attorney General contends that the trial court erred when it determined that he had committed a gross abuse of discretion in disapproving the private criminal complaint. The trial court, in reviewing the Attorney General's decision, determined that there was no acceptable policy advanced by the Commonwealth for its decision not to prosecute Brown on the

perjury and related charges. Trial Court Opinion, filed January 11, 1994 at 8. The trial court concluded that the Commonwealth could not have a policy that ignores Brown's criminal activities. Thus, it concluded that the Attorney General committed a gross abuse of discretion when disapproving the private criminal complaint. Our review of the record convinces us that the trial court has used the correct standard to evaluate the Attorney General's decision. Thus, our review is limited to determining whether the trial court committed an abuse of discretion or error of law.

In support of the claim that policy considerations existed that required him to disapprove the private criminal complaint, the Attorney General asserts that Brown's falsehoods were obvious to everyone and benefitted Buckley by guaranteeing his acquittal. The trial court rejected this argument as frivolous. *Id.* at 8–9. We agree. The Attorney General cites no authority, nor has our research disclosed any, in support of his claim that obvious falsehoods will not be prosecuted. Rather, it appears that Brown's perjury undermined the investigation into Wilson's murder and, thus, more strongly supports the conclusion that he should be punished for his wrongdoing. Accordingly, we agree with the trial court's conclusion that this assertion cannot serve as the basis for a policy that requires the disapproval of this private complaint. Therefore, we conclude that the trial court did not err or abuse its discretion in making this determination.

The Attorney General also claims that policy compels the disapproval of the private criminal complaint because prosecuting Brown on the perjury charges would be too costly in terms of time and resources. The trial court noted that the Commonwealth regularly expends large amounts of money pursuing minor offenses. *Id.* In addition, the trial court concluded, and we agree, that the costs of prosecuting this complaint would not be excessive due to the overwhelming evidence of Brown's perjury. *Id.* While this particular policy has merit, the Attorney General did not advance any evidence that would bring this private criminal complaint within the

parameters of that policy. Accordingly, the trial court did not abuse its discretion or commit an error of law.

Next, the Attorney General asserts that prosecution of the private criminal complaint is not warranted because Brown spent over two years in prison in connection with Wilson's murder. The trial court, in dismissing this argument, correctly noted that one who commits a crime while in prison will be charged and brought to trial for those crimes. *Id.* The trial court further concluded that it is not the policy of the Commonwealth to ignore criminal activity. Thus, Brown's incarceration on an unrelated charge is irrelevant to the decision of whether to prosecute him for other crimes. Accordingly, we agree with the trial court that the Attorney General's assertion does not support a policy that requires the disapproval of this private criminal complaint. Thus, we can find no abuse of discretion or error of law.

In his brief to this Court, the Attorney General argues that the trial court simply substituted its opinion for that of the prosecutor and labelled the prosecutor's decision a gross abuse of discretion. Initially, we note that a court does not have the authority to substitute its judgment for that of the prosecutor in evaluating the viability of a private criminal complaint. *Cf. In re Petition of Acchione, supra.* However, in the present case, we conclude that the Attorney General has failed to produce any evidence of a clearly defined policy that is consistently used to review the merits of a private criminal complaint. A prosecutor, in reviewing a private criminal complaint, cannot simply assert that it is against its policy to prosecute. Instead, the prosecutor must demonstrate that a clearly defined policy has been established that can be uniformly applied to such complaints. If the Attorney General had submitted evidence of an established policy, the trial court would have been able to determine whether, in this case, the Attorney General had actually followed that policy.

Here, the trial court concluded, and we agree, that Buckley established a *prima facie* case that supports charging Brown with the crimes enunciated in charges 1 through 8 of the

private criminal complaint. Although the Attorney General claims that its decision not to prosecute was a policy decision, this vague claim of "policy" is unsupported by reference to a specific policy that requires the disapproval of this private criminal complaint. Accordingly, we conclude that the trial court did not abuse its narrowly limited discretion when it found that the Attorney General failed to advance sufficient policy reasons in support of the disapproval of the private criminal complaint.

Based upon the foregoing, it is our determination that the trial court did not abuse its discretion or commit an error of law when it approved Buckley's private criminal complaint. Thus, we affirm the order that directed the Commonwealth to pursue the complaint regarding the first eight charges against Brown.

Order **AFFIRMED.**

KELLY, J., files a concurring opinion.

BECK and FORD ELLIOTT, JJ., joined the opinion by Johnson, J., and the concurring opinion by Kelly, J.

SAYLOR, J., files a dissenting opinion which is joined by CAVANAUGH, J.

KELLY, Judge, concurring:

I agree with and join the majority's resolution of the separation of powers issue raised by the Attorney General. I also agree with the majority's ultimate decision to affirm the common pleas court's conclusion that the Attorney General grossly abused his discretion in disapproving Mr. Buckley's private criminal complaint. I write separately, however, to express my dissatisfaction with the majority's discussion of this Court's standard of review with regard to private criminal complaints. Accordingly, I concur.

In its opinion, the majority states that *Commonwealth v. Jury,* 431 Pa.Super. 129, 636 A.2d 164 (1993), *allocatur denied,* 537 Pa. 647, 644 A.2d 733 (1994), "incorrectly establishes that an appellate court directly reviews the prosecutor's decision

regarding a private criminal complaint." (Majority Opinion at 466). I believe that the majority misreads that case. In reality, *Commonwealth v. Jury, supra,* establishes the same standard of review which the majority elaborates upon in its opinion.

In *Commonwealth v. Jury, supra,* this Court acknowledged that the proper procedure for an affiant to challenge the disapproval of a private criminal complaint is to file a complaint with the common pleas court. *Id.* at 136–37, 636 A.2d at 167–68. Hence, direct appellate review of the disapproval of private criminal complaints was not even contemplated in, let alone established by, that case. We stated only that when a private criminal complaint is disapproved based upon "wholly discretionary matters of policy, this Court will not disturb that determination absent a gross abuse of discretion." *Id.* at 137, 636 A.2d at 168 (citing *Commonwealth v. Pritchard,* 408 Pa.Super. 221, 233, 596 A.2d 827, 833 (1991)); *In re Wood,* 333 Pa.Super. 597, 602, 482 A.2d 1033, 1036 (1984), quoting *Commonwealth v. Eisemann,* 276 Pa.Super. 543, 546, 419 A.2d 591, 593 (1980)). We further stated that "[s]uch a policy decision is subject only to an abuse of discretion standard *by the reviewing court.*" *Id.* at 144, 636 A.2d at 171 (citing *Commonwealth v. Benz,* 523 Pa. 203, 565 A.2d 764 (1989); *Commonwealth v. Pritchard, supra* ) (emphasis added). Thus, contrary to the majority's opinion, *Commonwealth v. Jury, supra,* recognizes that the reviewing court's, *i.e.,* the appellate court's, standard of review from the common pleas court's ruling on the disapproval of a private criminal complaint by the Attorney General is that of abuse of discretion and the common pleas court's standard of review from such a disapproval is, in turn, that of gross abuse of discretion.

What *Commonwealth v. Jury, supra,* also recognizes and the majority's opinion does not is that within these standards of review is an implicit and undeniable proposition. This Court cannot affirm the common pleas court's order approving Mr. Buckley's private criminal complaint unless we also contemporaneously conclude that the Attorney General grossly abused his discretion in disapproving it. In other words, if the

Attorney General did not grossly abuse his discretion in disapproving Mr. Buckley's private criminal complaint, then we would have to reverse the common pleas court's order because its issuance would necessarily be an abuse of discretion. *See Commonwealth v. Metzker*, 442 Pa.Super. 94, 97, 658 A.2d 800, 801 (1995) (policy decision not to prosecute will not be disturbed absent gross abuse of discretion); *In re Maloney*, 431 Pa.Super. 321, 332, 636 A.2d 671, 676–77 (1994) (policy decision not to prosecute where facts suggested strong possibility of self-defense "cannot be deemed a gross abuse of discretion"); *Commonwealth v. Eisemann, supra* at 546, 419 A.2d at 593 (prosecutorial discretion to disapprove private criminal complaint should not be disturbed absent gross abuse of discretion). Unquestionably, my distinguished colleague, Judge McEwen, recognized this when, writing for an *en banc* panel of this Court, he stated:

> ... we find that the ruling of the trial court was not an abuse of discretion *and, thereby, of course, conclude that the district attorney did not abuse his discretion* when he disapproved the private criminal complaint of appellant.

*Commonwealth v. Muroski*, 352 Pa.Super. 15, 23, 506 A.2d 1312, 1317 (1986) (*en banc*) (emphasis added).[1]

The reason that our abuse of discretion standard of review requires an inquiry into the common pleas court's gross abuse of discretion standard of review is really quite simple. Our Supreme Court has defined abuse of discretion as follows:

> "... [a]n abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." (Citations omitted).

*Commonwealth v. Wade*, 485 Pa. 453, 467, 402 A.2d 1360, 1367 (1979) (quoting *Garrett's Estate*, 335 Pa. 287, 293, 6 A.2d 858, 860 (1939)). Further, the substitution of judicial discretion for

1. In this case, we upheld a common pleas court's affirmance of a district attorney's disapproval of a private criminal complaint based upon lack of probable cause. *Id.*

that of the Attorney General may not occur. *See Commonwealth v. Slick,* 432 Pa.Super. 563, 565, 639 A.2d 482, 483 (1994), *allocatur denied,* 538 Pa. 669, 649 A.2d 671 (1994) (quoting *In re Petition of Acchione,* 425 Pa. 23, 30, 227 A.2d 816, 820 (1967)). Consequently, we cannot determine if the common pleas court misapplied the law or substituted its discretion for that of the Attorney General without also examining the common pleas court's gross abuse of discretion standard of review in analyzing the reasons provided for the disapproval of a private criminal complaint.

Instantly, the common pleas court would have misapplied the law and substituted its discretion for that of the Attorney General if it approved Mr. Buckley's private criminal complaint without evidence of a gross abuse of the Attorney General's discretion in disapproving it. Thus, the abuse of discretion standard which governs our review of the common pleas court's order approving Mr. Buckley's private criminal complaint inherently requires our inquiry into the gross abuse of discretion standard employed by the common pleas court in reviewing the Attorney General's disapproval of that complaint. Indeed, the majority unknowingly analyzes the common pleas court's standard of review with regard to the Attorney General's disapproval of Mr. Buckley's private criminal complaint via our standard of review with regard to the ruling of that court by continually agreeing with the common pleas court's application of the facts of this case. (*See* Majority Opinion at 465–470). Therefore, although I agree with the ultimate result which the majority incongruously reaches, I conclude that its criticism of *Commonwealth v. Jury, supra,* is unwarranted and its standard of review is not completely accurate. Accordingly, because I conclude that the common pleas court did not misapply the law or substitute its discretion for that of the Attorney General in approving Mr. Buckley's private criminal complaint and finding that the Attorney General's reasons for disapproving that complaint constitute a gross abuse of discretion, I concur.

BECK and FORD ELLIOTT, JJ., joined.

SAYLOR, Judge, dissenting:

The effect of the majority's decision is to order the elected Attorney General of this Commonwealth to prosecute a criminal case when he has declined to do so in the first instance in the exercise of his prosecutorial discretion. Because of the deference which I would accord to such prosecutorial decision, and because the record is devoid of any showing that the policy reasons advanced by the Attorney General in support of his declination were merely pretextual or offered in bad faith, I respectfully dissent.

The Attorney General is the chief law enforcement officer of this Commonwealth, and the district attorneys are the chief law enforcement officers for the counties in which they are elected. Commonwealth Attorneys Act, 71 P.S. § 732–206(a). It is well established that a prosecutor in this Commonwealth has broad discretion concerning the decision of whether criminal charges should be brought in any given case. " 'A District Attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide whether and when to prosecute, and whether and when to continue or discontinue a case.' " *Commonwealth v. Stipetich*, 539 Pa. 428, 430, 652 A.2d 1294, 1295 (1995), quoting *Commonwealth v. DiPasquale*, 431 Pa. 536, 540–541, 246 A.2d 430, 432 (1968) (emphasis omitted). In exercising this power, a prosecutor is "... obligated to perform this task intelligently and impartially ... [, and] is under no compulsion to prosecute every alleged offender...." *Commonwealth v. Malloy*, 304 Pa.Super. 297, 302, 450 A.2d 689, 691 (1982) (citation omitted). "Thus, the district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state." *Id.*, 304 Pa.Super. at 303, 450 A.2d at 692.

The Attorney General's decision to disapprove Buckley's private criminal complaint was reviewed by the trial court pursuant to Pennsylvania Rule of Criminal Procedure 106. Criminal Rule 106 reposes an awesome power in the judiciary, namely, the authority to order a prosecutor, an elected official

of the executive branch of our government, to prosecute a criminal complaint in the name of the Commonwealth. With this grant of power comes a concomitant responsibility to exercise such oversight in an extremely judicious manner.

Therefore, our courts have traditionally extended great deference to a prosecutor's decision to decline prosecution when the declination is grounded upon policy considerations. It follows that a reviewing court will not interfere with a prosecutor's exercise of discretion in such instance, absent a showing of a gross abuse of the prosecutor's discretionary powers. This deference is rooted in the constitutional principle of separation of powers. *See, Commonwealth v. Buonopane,* 410 Pa.Super. 215, 221, 599 A.2d 681, 684 (1991) (". . . interference with the prosecutor's discretionary functions, absent a threshold showing of a valid claim of purposeful abuse, violates the constitutional principle of separation of powers."); *see also, Commonwealth v. Slick,* 432 Pa.Super. 563, 639 A.2d 482 (1994), and *Commonwealth v. Benz,* 523 Pa. 203, 565 A.2d 764 (1989).

The Superior Court has summarized these principles as follows:

When the district attorney rests the disapproval of a private criminal complaint on wholly discretionary matters of policy, this Court will not disturb that determination, *absent a gross abuse of discretion. . . . The special deference extended a policy decision not to prosecute arises from the deference accorded the discretionary use of executive powers conferred in the district attorney.*

*Commonwealth v. Jury,* 431 Pa.Super. 129, 137, 636 A.2d 164, 168 (1993) (citations omitted) (emphasis supplied). In *Commonwealth v. Slick,* 432 Pa.Super. 563, 639 A.2d 482 (1994), the Superior Court further stated:

. . . courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to

carry them into execution. It is true that the mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that review is limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions.

*Id.,* 432 Pa.Super. at 564–565, 639 A.2d at 483, quoting *In re Petition of Acchione,* 425 Pa. 23, 30, 227 A.2d 816, 820 (1967). *Accord, Pennsylvania Social Services Local 668 v. Pennsylvania Labor Relations Board,* 481 Pa. 81, 392 A.2d 256 (1978).

Courts have also recognized, however, that the phrase "prosecutorial discretion" will not be permitted to serve as "a magical incantation which automatically provides a shield for arbitrariness." *Commonwealth v. Muroski,* 352 Pa.Super. 15, 32–33, 506 A.2d 1312, 1322–1323 (1986) (Spaeth, J., dissenting). Accordingly, prosecutors may transgress the bounds of their discretionary authority by engaging in a pattern of discriminatory, retaliatory or arbitrary prosecutions, or refusing to prosecute certain classes of people or crimes. *See, e.g., Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); *Nader v. Saxbe,* 497 F.2d 676, 679 (D.C.Cir. 1974); *Commonwealth v. Komatowski,* 347 Pa. 445, 450, 32 A.2d 905, 908 (1943). *See also, Commonwealth v. Muroski,* 352 Pa.Super. 15, 32–33, 506 A.2d 1312, 1322–1323 (1986) (*en banc* ) (collecting cases).

In this case, the Attorney General, in disapproving the private criminal complaint, stated that "It is the considered good faith belief of the Office of the Attorney General that the best interests of the Commonwealth would not be advanced through a prosecution of Michael Brown. . . ." After enumerating several practical considerations in addition to a review of the evidence available against Brown, the Attorney General concluded that "[t]he decision to decline prosecution in this matter is based upon factors broader than simply the quantum of evidence available and is founded in the policy considerations inherent in this Office as public prosecutor." Finally,

the Attorney General concluded that such decision "would be the same whether or not a *prima facie* case could be established...." *See, Commonwealth v. Jury,* 431 Pa.Super. 129, 636 A.2d 164 (1993) (even though *prima facie* case may exist on face of complaint, prosecutor is not bound to prosecute, and may, in proper exercise of discretion, disapprove complaint wholly for policy reasons).

In reviewing the Attorney General's decision, the trial court acknowledged the deferential "gross abuse of discretion" standard which was to guide its review but proceeded to re-weigh the factors upon which the Attorney General had based his decision and substitute its own judgment for that of the Attorney General, who had ultimately concluded that prosecution would not serve the ends of justice. This was, I believe, an impermissible usurpation of the discretionary authority reposed in the Attorney General. "That the court might have a different opinion or judgment in regard to the action of the [prosecutor] is not a sufficient ground for interference; judicial discretion may not be substituted for administrative discretion." *Commonwealth v. Slick, supra,* 432 Pa.Super. at 564–565, 639 A.2d at 483.

The trial court made no finding, nor indeed does the record disclose any evidence, that the Attorney General's reasons for disapproving Buckley's complaint were merely pretextual or advanced in bad faith, or that the decision to disapprove the complaint was based upon any improper motive. Rather, the Attorney General's actions in disapproving the complaint were predicated upon his determination that it would not be in the best interests of the state to initiate prosecution, given the fact that Brown's perjury at trial was so obvious as to be harmless, that there were significant financial concerns, and that Brown was already incarcerated on other charges.

Although the majority is concerned by what it views as the failure of the Attorney General to produce evidence of the policy underlying his decision, in my judgment a judicial tribunal is bound to accept the assertion of the Commonwealth's chief law enforcement officer that he chooses not to devote his limited resources to prosecuting a particular indi-

vidual for a particular crime, absent a showing of bad faith or improper motive. Indeed, a decision regarding the prosecution of a case often involves "the allocation of scarce resources." *Mummau v. Ranck*, 531 F.Supp. 402, 405 (E.D.Pa. 1982), *affirmed*, 687 F.2d 9 (3d Cir.1982), citing *United States v. Berrigan*, 482 F.2d 171 (3d Cir.1973).

In summary, I do not believe that Rule 106 was intended to permit a trial court, at the behest of a private individual, to compel the initiation of a prosecution deemed by the prosecutor to be against public interest. Therefore, I respectfully dissent.

CAVANAUGH, J., joined.