J-A24039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEVE STRAUSS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE MONROE COUNTY DISTRICT | : | No. 1056 EDA 2023 |
| ATTORNEY | : | |

Appeal from the Order Entered December 27, 2022
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  8162 Civil 2022

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:　　　　　　**FILED DECEMBER 20, 2023**

Steve Strauss ("Strauss") appeals from the order denying his petition to review the Commonwealth's disapproval of his private criminal complaint pursuant to Pa.R.Crim.P. 506.  We affirm.

The relevant factual and procedural history of this case is as follows. Strauss filed a private criminal complaint in which he asserted that Fabrizio Bivona ("Bivona")[1] had voted illegally in the November 2020 presidential election in Monroe County, Pennsylvania, because, Strauss asserted, Bivona was not a Monroe County resident, but rather a resident of the state of New

---

[1] The record does not reveal Strauss's connection to Bivona.  However, in his brief, Strauss states that Bivona had been previously employed as a police officer in Pennsylvania and had filed a criminal complaint against Strauss, resulting in unspecified criminal charges which Strauss asserts were dismissed.  **See** Strauss's Brief at 13.

Jersey. *See* Petition to Review Private Criminal Complaint Rejection, 12/19/22, at ¶¶ 4-6. The Monroe County District Attorney ("the DA") disapproved the complaint. *See id*. at ¶ 11. The asserted basis was, *inter alia*, that Strauss had not first attempted to contact the police about the matter. *See id*. at 10.

Strauss filed a petition for the trial court to review the Commonwealth's disapproval. In the petition, Strauss argued that the DA "improperly rejected" his complaint, though Strauss did not aver that the decision was made with fraudulent, dishonest, or corrupt purpose, or occurred due to fraud, or was unconstitutional. *See*, *e.g.*, *id*. at ¶ 17.

The trial court denied Strauss's petition without a hearing. The court concluded, in relevant part that: the DA's decision was rooted in its policy of rejecting private criminal complaints that had not first been reported to police for investigation; this decision is within the DA's discretion; and, finally, Strauss failed to show that the decision was based on bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of the law. *See* Opinion and Order, 12/27/22, at unnumbered 2-3. Strauss timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925.[2]

Strauss raises the following issue for our review:

---

[2] Strauss originally appealed to the Commonwealth Court; however, that Court transferred the case to this Court. *See* Order, No. 72 C.D. 2023, 4/13/23.

. . . [W]hether the [DA] can require police to investigate a private criminal complaint before they investigate it and whether the Court of Common Pleas can deny a petition to review a private criminal complaint without hearing any arguments on the matter[?]

Strauss's Brief at 7.[3]

Our review of an order denying a petition to review the Commonwealth's disapproval of a private criminal complaint is "limited to ascertaining the propriety of the trial court's actions." *In re Ajaj*, 288 A.3d 94, 110 (Pa. 2023).[4]

Strauss argues the trial court erred in denying his petition to review the DA's disapproval of his private criminal complaint. Pennsylvania Rule of Criminal Procedure 506 provides:

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

_____

[3] Strauss's issue corresponds to issues one and three in his concise statement of errors complained of on appeal. *See* Concise Statement, 2/24/23, at ¶¶ 1, 3.

[4] Formerly, our review was to determine whether the trial court committed an error of law or abused its discretion. *See, e.g.*, *Commonwealth v. Brown*, 669 A.2d 984, 990 (Pa. Super. 1995) (stating that "our review is limited to determining whether the trial court abused its discretion or committed an error of law"). However, our Supreme Court has explained that "[t]here is simply nothing about [its] determination that requires a court of common pleas to exercise discretion and, as a result, it would be improper for an appellate court to review a court of common pleas' determination for an abuse of discretion." *In re Ajaj*, 288 A.3d at 110 n.11. Accordingly, our review is for an error of law.

* * * *

> (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506. Our Supreme Court has elaborated:

> A private criminal complaint must, at the outset, set forth a *prima facie* case of criminal conduct. The attorney for the Commonwealth is thereafter required to investigate the allegations set forth in the private criminal complaint and, based on that investigation, render his or her approval or disapproval of the private criminal complaint. In so doing, the attorney for the Commonwealth has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, . . . to decide whether and when to prosecute, and to decide whether and when to continue or discontinue a case. Thus, the attorney for the Commonwealth is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he or she, in good faith, thinks that the prosecution would not serve the best interests of the state.

*In re Ajaj*, 288 A.3d at 97 (internal citations, quotations, and brackets omitted; ellipses in original). Crucially, while a private criminal complaint is "entitled to a full and fair opportunity to develop a record of **disputed material facts**," the private criminal complainant "has no right to an evidentiary hearing . . . ." *Id*. at 110 n.12 (emphasis added).

Our Supreme Court has recently established the standard of review for trial courts to apply when reviewing a prosecutor's disapproval determination:

> [W]hen reviewing a prosecutor's decision disapproving a private criminal complaint under Rule 506, **a court of common pleas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional**. In so holding, we denounce the prior rubric, where the applicable

- 4 -

standard of review depended on the asserted basis for the prosecutor's disapproval decision. In addition, for purposes of determining whether the prosecutor's disapproval decision amounted to bad faith, we . . . hold that **bad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest, or corrupt purpose**. We note that the adoption of the foregoing standard of review ensures that a court of common pleas will afford proper deference to the discretionary decision of the prosecutor—a member of the executive branch of the Commonwealth's government.

*In re Ajaj*, 288 A.3d at 109–10 (internal citations omitted; emphases added).

Strauss maintains the trial court erred in denying his petition. According to Strauss, the DA was required to investigate the allegations "of a properly drafted complaint to enable the exercise of his discretion concerning whether to approve or disprove [sic] the complaint." Strauss's Brief at 12. Strauss argues that the DA disapproved his complaint because Strauss declined to contact the police first, and this is an "arbitrary and capricious requirement . . . implemented with no basis in law." *Id*.[5] Additionally, Strauss asserts the trial court erred, and violated his due process rights under the 14th Amendment to the U.S. Constitution, by failing to hold a hearing on his petition. *See id*. at 13-14.

The trial court considered Strauss's arguments and rejected them:

Here, [Strauss's] petition failed to demonstrate that the disapproval decision by the [DA] amounted to bad faith, occurred due to fraud, or was unconstitutional. [Strauss's] . . . alleged

---

[5] Strauss alleges he had not wanted to approach the police because he had previously been arrested the last time he "interacted with the police and answered questions for them," and, therefore, he was distrustful of the police. Strauss's Brief at 13.

errors seemingly do not take into account the Supreme Court's standard set forth in *In re Ajaj*. As a [C]ourt of [C]ommon [P]leas, [this court] may only overturn the DA's decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional. The [p]etition . . . fails to [plead such].

[Additionally,] . . . a private criminal complainant has no right to an evidentiary hearing . . ..

Trial Court Opinion, 3/7/23, at 7 (internal citation and quotations omitted).

Following our review, we discern no error of law in the trial court's decision. Strauss failed to plead in his petition that the DA's disapproval of his private criminal complaint was the result of bad faith, occurred due to fraud, or was unconstitutional. *See Ajaj*, 288 A.2d at 109.[6] To the extent that Strauss presently asserts on appeal that the DA's decision was "arbitrary and capricious," and, impliedly, in bad faith, we note that Strauss failed to assert this in his petition filed in the court below. *Compare* Strauss's Brief at 12 *with* Petition, 12/19/22, at ¶¶ 11-18 (asserting merely that the petition was "improperly rejected" by the DA). Accordingly, any such argument is waived. *See* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

In any event, the DA explained in his notice of disapproval that he disapproved the private criminal complaint because, *inter alia*, Strauss failed to report the matter to police for investigation first. *See* Notice and Record

---

[6] We reiterate that "bad faith" is defined as acting with a "fraudulent, dishonest, or corrupt purpose." *In re Ajaj*, 288 A.2d at 109.

of Disapproval, 11/16/22. As the DA further elaborated, this policy is to effectuate the efficient use of county resources and, further, because local law enforcement is better positioned to initially investigate claims, after which, should police decline to file charges, the complainant may file a private criminal complaint. Thereafter, the DA may investigate and review police reports, evidence, and "other findings . . . when making a decision regarding charges." Commonwealth's Brief at 4. Given the foregoing, Strauss has failed to show he properly pleaded in his petition bad faith, fraud, or unconstitutionality. Further, Strauss was not entitled to an evidentiary hearing, given there was no dispute of material fact about whether Strauss attempted to first report the matter to police—Strauss concedes he did not.[7] Therefore, the trial court committed no error of law in denying his petition.

Order affirmed.

---

[7] As noted above, Strauss was not entitled to an evidentiary hearing, notwithstanding his right to a "full and fair opportunity to develop a record of **disputed material facts**." **In re Ajaj**, 288 A.2d at 110 n.12 (emphasis added). While Strauss asserts a 14th Amendment due process challenge based on the trial court's denial of his petition without a hearing, his federal constitutional claim is waived for failure to properly develop it. **See J.C.B. v. Pennsylvania State Police**, 35 A.3d 792, 797 (Pa. Super. 2012) (finding waiver of undeveloped constitutional challenges).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/20/2023